UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRYAN O. CRANE,

    Plaintiff,

v.                                                                                 Case No: 8:24-cv-01219-KKM-AAS

UNITED STATES OF AMERICA, et al.,

    Defendants.
_____

## ORDER DISMISSING CASE WITH PREJUDICE

    Bryan O. Crane, proceeding pro se, brought this action against the United States of America, the U.S. Office of Personnel Management, and the U.S. Department of Labor Office of Worker's Compensation Programs (OWCP), appearing to claim that it is unconstitutional for his disability benefits to be withheld under 5 U.S.C. § 8116(d)(2), as well as other jumbled accusations. (Doc. 1). I dismissed his first complaint without prejudice as a shotgun pleading. (Doc. 18). But I gave Crane another opportunity to submit an amended complaint. *Id.* Crane has now timely refiled. Am. Compl. (Doc. 20**).**

    Crane's amended complaint suffers from the same problems identified in the Order dismissing his initial complaint. Most of Crane's assertions are not obviously connected to any particular cause of action, including that the OWCP is unlawfully withholding his disability benefits and unlawfully collecting a debt payment by deducting his monthly disability benefits, as well as his suggestion that the Court "remove 5 U.S.C. § 8116(d)(2) from the United States Code." *See* Am. Compl. at 5–7, 10; *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313,

1321–23 (11th Cir. 2015). Crane's complaint also "fails to separate into different counts each cause of action or claim for relief," and therefore suffers from the third type of shotgun pleading error. *Weiland*, 792 F.3d at 1321–23. For example, in one of Crane's numbered paragraphs, his allegations range from accusing the United States of negligence in the reduction of his benefits, to asserting that he detrimentally relied upon his benefits in making an investment, to claiming his due process rights were violated when the government collected overpayment debt. *See* Am. Compl. at 5. This lack of proper organization leaves the United States without "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. In sum, Crane's amended complaint is a shotgun pleading because it is rife with assertions and allegations that are not obviously connected to a legally cognizable cause of action and fails to properly organize allegations into counts.

Further amendment is not warranted here. Not only does Crane's complaint raise the same pleading errors as his previous complaint, but it also raises the same factual claims and includes the same pleading errors that were addressed in an almost identical case recently brought by Crane in this division. *See Crane v. United States*, No. 8:23-CV-2929-KKM-AAS, 2024 WL 1657140 (M.D. Fla. Feb. 27, 2024) (dismissed without prejudice due to shotgun pleading). The Eleventh Circuit has "little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court may dismiss a case for failure to correct shotgun pleading deficiencies after first providing a represented plaintiff with notice and an opportunity to amend); *see also Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) (affirming district court for dismissing shotgun

pleading with prejudice when plaintiff "squandered [the] opportunity" to correct the previous complaint's flaws); *Ho v. Att'y Gen.*, No. 22-11430, 2023 WL 2473272, at *2 (11th Cir. Mar. 13, 2023) (affirming dismissal of a pro se complaint as a shotgun pleading with prejudice after the plaintiff was provided with one opportunity to amend); *Ramos v. Katzman Chandler PA*, No. 20-13485, 2021 WL 3140303, at *5 (11th Cir. July 26, 2021) (same).

This action is dismissed with prejudice due to futility and because the Court has taken notice of Crane's frequent filing of cases against the U.S. government and its agencies <u>with almost identical claims to the instant action</u>. *See Crane v. Naval Air Systems*, No. 2:04-cv-00363-JES-SPC, (M.D. Fla. Jan. 20, 2005) (suing Naval Air Systems Command for back payment of benefits related to on-the-job injury); *Crane v. United States*, No. 2:13-cv-290-FTM-29, 2013 WL 6332754 (M.D. Fla. Dec. 5, 2013) (suing the United States for back payment of benefits); *Crane v. United States*, No. 2:13-cv-518-FTM-38, 2013 WL 6643777, (M.D. Fla. Dec. 17, 2013) (suing the United States for benefits); *Crane v. Sec'y of Lab.*, No. 2:15-cv-86-SPC-DNF, 2015 WL 3604577 (M.D. Fla. June 8, 2015) (suing the Secretary of Labor for benefits), aff'd, 683 F. App'x 813 (11th Cir. 2017); *Crane v. United States*, 664 F. App'x 929 (Fed. Cir. 2016) (suing the United States for benefits) *Crane v. United States*, No. 8:23-cv-2929-KKM-AAS, (M.D. Fla. April 17, 2024) (suing the United States for benefits). Though they slightly morph throughout the decade that he has been filing lawsuits against the government, Crane's claims are all related to his initial injury and receipt of benefits.

Crane is warned that if he files frivolous and duplicative cases in this Court, he may be subject to sanctions pursuant to Federal Rule of Civil Procedure 11(c),

including monetary sanctions or injunctive relief directing the Clerk to not accept future filings by Crane without first obtaining prior leave of the Court.

Accordingly, the following is **ORDERED:**

1. Crane's Amended Complaint (Doc. 20) is **DISMISSED with prejudice**.
2. The Clerk is directed to enter a **JUDGMENT** of dismissal with prejudice; to terminate any pending motion and deadline; and to **CLOSE** this case.
3. The Clerk is also directed to mail Crane a copy of this Order.

**ORDERED** in Tampa, Florida, on September 18, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE*

---

* Signed by Judge Thomas P. Barber to expedite the resolution of this motion. This case remains assigned to Judge Kathryn Kimball Mizelle.